# Supreme Court of Florida

_____

No. SC20-1374

_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE—2020 FAST-TRACK REPORT.**

October 29, 2020

PER CURIAM.

This matter is before the Court for consideration of amendments to the Florida Rules of Appellate Procedure, which were proposed by the Appellate Court Rules Committee (Committee) and approved by the Executive Committee of The Florida Bar's Board of Governors.[1]  We have jurisdiction,[2] and we approve the amendments as proposed.

The amendments to rule 9.030 (Jurisdiction of Courts), rule 9.140 (Appeal Proceedings in Criminal Cases), and rule 9.141 (Review Proceedings in Collateral or Postconviction Criminal Cases) are in response to recent legislation that

_____

1.  *See* Fla. R. Jud. Admin. 2.140(e).

2.  *See* art. V, § 2(a), Fla. Const.

transfers much of the circuit courts' appellate jurisdiction to the district courts of appeal and that takes effect January 1, 2021. *See* ch. 2020-61, §§ 3, 6, 8, Laws of Fla. Further, rule 9.030(b)(1)(A) is amended to remove superfluous language, while rule 9.030(b)(4)(A) is amended to replace "under these rules" with "by general law" to clarify that the circuit courts' appellate jurisdiction derives from general law under article V, section 5 of the Florida Constitution. Finally, two committee notes, one to rule 9.140 and one to rule 9.160 (Discretionary Proceedings to Review Decisions of County Courts), are added to address and explain the repeal of section 924.08, Florida Statutes (2019), which had vested the circuit courts with appellate jurisdiction in misdemeanor cases. *See* ch. 2020-61, § 8, Laws of Fla.

Accordingly, the Florida Rules of Appellate Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The comments are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2021, at 12:02 a.m. Because the amendments were not published for comment previously,

interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[3]

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Hon. Stephanie Williams Ray, Chair, Appellate Court Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

---

3. All comments must be filed with the Court on or before January 12, 2021, with a certificate of service verifying that a copy has been served on the Committee Chair, The Honorable Stephanie Williams Ray, First District Court of Appeal, 2000 Drayton Drive, Tallahassee, FL 32399-0001, and on the Bar Staff Liaison to the Committee, Krys Godwin, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, kgodwin@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until February 2, 2021, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

for Petitioner

**RULE 9.030.     JURISDICTION OF COURTS**

**(a)**     [No Change]

**(b)**     **Jurisdiction of District Courts of Appeal.**

        **(1)     Appeal Jurisdiction.** District courts of appeal shall review, by appeal:

            (A)     final orders of trial courts,[1,2] not directly reviewable by the supreme court or a circuit court, including county court final orders declaring invalid a state statute or provision of the state constitution;

            (B) – (C)     [No Change]

        **(2) – (3)**     [No Change]

        **(4)     Discretionary Review.**[10] District courts of appeal, in their discretion, may review by appeal:

            (A)     final orders of the county court, otherwise appealable to the circuit court under these rulesby general law, that the county court has certified to be of great public importance; or

            (B)     nonfinal orders, otherwise appealable to the circuit court under rule 9.140(c), that the county court has certified to be of great public importance.

**(c)**     [No Change]

[Footnotes No Change]

**Committee Notes**

[No Change]

**RULE 9.140.     APPEAL PROCEEDINGS IN CRIMINAL CASES**

**(a) – (b)**     [No Change]

**(c)     Appeals by the State.**

**(1)**     [No Change]

**(2)     ~~Nonfinal Orders.~~** ~~The state as provided by general law may appeal to the circuit court nonfinal orders rendered in the county court.~~

**~~(3)~~     Commencement.** The state shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed; provided that in an appeal by the state under rule 9.140(c)(1)(K), the state's notice of cross-appeal shall be filed within 15 days of service of defendant's notice or service of an order on a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Copies shall be served on the defendant and the attorney of record. An appeal by the state shall stay further proceedings in the lower tribunal only by order of the lower tribunal.

**(d) – (e)**     [No Change]

**(f)     Record.**

**(1)**     [No Change]

**(2)     Transcripts.**

(A) – (C)     [No Change]

(D)     Nonindigent defendants represented by counsel may serve the designation on the approved court reporter or approved transcriptionist to prepare the transcripts. Counsel adopting this procedure shall, within 5 days of receipt of the transcripts from the approved court reporter or approved transcriptionist, file the transcripts. Counsel shall serve notice of the use of this procedure on the attorney general ~~(or the state attorney in appeals to circuit court)~~ and the clerk of the lower tribunal. Counsel shall attach a certificate to each transcript certifying that it is accurate and complete. When this procedure is used, the clerk of the lower tribunal upon conclusion of the appeal shall retain the

transcript(s) for use as needed by the state in any collateral proceedings and shall not dispose of the transcripts without the consent of the attorney general.

(E) – (F)      [No Change]

**(3)**      [No Change]

**(4)      Service of Copies.** The clerk of the lower tribunal shall serve copies of the record to the court, attorney general ~~(or state attorney in appeals to circuit court)~~, and all counsel appointed to represent indigent defendants on appeal. The clerk of the lower tribunal shall simultaneously serve copies of the index to all nonindigent defendants and, upon their request, copies of the record or portions thereof at the cost prescribed by law.

(5) – (6)      [No Change]

**(g) – (i)**      [No Change]

**Committee Notes**

**1977 Amendment – 2005 Amendment.**  [No Change]

**2020 Amendment.** The reference to appeals to the circuit court of nonfinal orders by the State was removed following the repeal of section 924.08, Florida Statutes (2019), to clarify that final and nonfinal appellate jurisdiction in criminal cases is vested in the district courts of appeal.

**Court Commentary**

[No Change]

**RULE 9.141.      REVIEW PROCEEDINGS IN COLLATERAL OR POSTCONVICTION CRIMINAL CASES.**

**(a)**    [No Change]

**(b)      Appeals from Postconviction Proceedings Under Florida Rules of Criminal Procedure 3.800(a), 3.801, 3.802, 3.850, or 3.853.**

**(1) – (2)**     [No Change]

**(3)     Grant or Denial of Motion after an Evidentiary Hearing was Held on 1 or More Claims.**

    **(A)**     [No Change]

    **(B)     Record.**

        (i) – (ii)     [No Change]

        (iii)     The clerk of the lower tribunal shall serve copies of the record on the attorney general ~~(or state attorney in appeals to the circuit court)~~, all counsel appointed to represent indigent defendants on appeal, and any pro se indigent defendant. The clerk of the lower tribunal shall simultaneously serve copies of the index on all nonindigent defendants and, at their request, copies of the record or portions of it at the cost prescribed by law.

    **(C)**     [No Change]

**(c) – (d)**     [No Change]

**Committee Notes**

[No Change]

**RULE 9.160.     DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF COUNTY COURTS**

**(a) – (j)**     [No Change]

**Committee Notes**

**1984 Amendment - 1992 Amendment.** [No Change]

**2020 Note.** Section 924.08, referred to in these Committee Notes under the 1984 Amendment, was repealed, effective January 1, 2021.